IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05-cv-4025-DGW |
| ) | |
| ZELLPAC, INC. AND GUY EMERY ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

On June 19 and 20, 2006, the above styled case was tried to a jury in Benton, Illinois. The Amended Complaint filed by the United States of America against the defendants alleged violations of the Fair Housing Act in 2 counts. Count I was brought on behalf of Deborah Norton Aly, Christopher Norton and Diane Norton. Count I alleged that Defendant Emery, violated the Fair Housing Act by refusing to rent to a handicapped person (Deborah Norton Aly) and by making a statement that indicated a preference, limitation, or discrimination, or an intent to make such a preference, limitation or discrimination, based on a handicap. Count II made the same allegations against Zellpac, Inc. in that Guy Emery was acting on behalf of Zellpac within the scope of authority granted to him by Zellpac. The Amended Complaint alleged damages to Deborah Norton Aly, Christopher Norton and Diane Norton. Additionally, the Amended Complaint alleged the discriminatory actions were intentional, willful and taken in disregard to the rights of Deborah Norton Aly.[1]

After a two day trial the jury returned a verdict in favor of defendants Zellpac, Inc. and Guy Emery on the claims in Counts 1 and 2 that the defendants violated the Fair Housing Act by

---

[1] The Complaint list the defendant as Deborah Norton. The evidence presented at trial proved that Deborah Norton Aly was and is the person known as Deborah Norton referred to in the Amended Complaint.

refusing to rent an apartment to Deborah Norton Aly or otherwise making an apartment unavailable to her because she used a wheelchair.  The same jury found in favor of defendants Zellpac, Inc. and Guy Emery on the claims in Counts 1 and 2 that the defendants violated the Fair Housing Act by defendant Guy Emery's statement with respect to the rental of an apartment that indicated a preference, limitations or discrimination, or an intention to make such a preference, limitation, or discrimination, on the basis that Deborah Norton Aly used a wheelchair as to the damages to Christopher and Diane Norton.  However, the jury found in favor of the plaintiff United States of America, on behalf of Deborah Norton Aly against the defendants Zellpac, Inc. and Guy Emery on the claims in Counts 1 and 2 that the defendants violated the Fair Housing Act by defendant Guy Emery's statement with respect to the rental of an apartment that indicated a preference, limitations or discrimination, or an intention to make such a preference, limitation, or discrimination, on the basis that Deborah Norton Aly used a wheelchair.  The jury award damages to Deborah Norton Aly in the amounts of $5,000 in compensatory damages against defendants Zellpac, Inc. and Guy Emery jointly and severally, $3,000 in punitive damages against defendant Guy Emery, and $7,000 in punitive damages against defendant Zellpac, Inc., plus costs.

     Each Defendant now files a Motion For Judgment As A Matter of Law, Or, In The Alternative, Request A New Trial (Docs. 63 & 64).  The United States then filed a motion to strike the defendants motions (Doc. 63 &64) arguing the that the defendants did not file a supporting brief as required by local rule.   The defendants then file a response to the government's motion to strike as a motion to file their brief instanter (Doc. 67).  The government then filed a reply to the defendants reply in which it did not object to the defendants filing a brief

instanter, however, it did object on the grounds that the brief should not be considered by the Court because it does not comply with the local rules.  Specifically, the government complained that the allegations of facts contained in the defendants' brief were not supported by citations to the record and therefore, the United States could not adequately respond to the allegations of fact without citations to the record.  The Court then granted the defendants' motion to file their brief instanter and now considers the defendants' motions on the merits.

**<u>Defendant's Attorney Was a Shareholder an Officer of Defendant Zellpac</u>**

Defendant Zellpac, Inc. alleges as a ground for judgment as a matter of law and  grounds for a new trial that they were prejudiced by the jury hearing that Zellpac's attorney, John Patchett, was also an officer and shareholder of Zellpac.  Defendants support their position by stating that in a suit against General Motors the jurors are not informed as to the identity of General Motors shareholders.

Federal Rule of Evidence 402 states in pertinent part that  "[a]ll relevant evidence is admissible. . . ."  Additionally, Federal Rule of Evidence 403 states in pertinent part that relevant evidence ". . . may be excluded if its probative value is substantially outweighed by it probative value. . . ."  The defendants did not cite, and the Court could not find,  any authority to support the defendants' proposition.  The defendants' General Motors analogy does not hold up.  General Motors is a multinational corporation with thousands, if not millions, of shareholders.  Zellpac, Inc. is a corporation with two shareholders.  One of these two shareholders chose to represent the corporation, as is its right.  The evidence in the trial identified the owners of Zellpac, Inc.  If the Court had chosen to exclude the evidence that Mr. Patchett was an owner of Zellpac, Inc. it would have unnecessarily misled the jury.  The evidence of ownership of Zellpac, Inc. was

relevant and did not substantially prejudice the defendants.

**<u>The Court Erred By Allowing the Jury to Consider Punitive Damages</u>**

Defendant Zellpac, Inc. further alleges as a ground for judgment as a matter of law and grounds for a new trial that the Court erred in denying its motion in limine to deny an instruction on punitive damages. Further, Zellpak, reiterates its arguments made in its motion for summary judgment. The Court notes that it heard argument on defendants' motions in limine the morning of trial. At that time the Court informed defendants that these motions were untimely; however, the Court allowed the defendants to make their arguments. For the reasons stated on the record of the proceedings, the Courts rulings as to the untimeliness of the motions will stand.

**<u>The Court Erred By Allowing Into Evidence the Finding By HUD</u>**

Both Defendants Zellpac, Inc and Guy Emery argue that the Court erred in allowing the Government to inform the jury that the Department of Housing and Urban Development had found cause for the purported discrimination. Federal Rules of Evidence 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value
> is substantially outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by
> considerations of undue delay, waste of time, or needless
> presentation of cumulative evidence.

The Court allowed the evidence of the finding by HUD because that evidence was necessary to tell the entire story of this case. The evidence of the HUD finding was inextricably intertwined to the scenario presented by the plaintiffs in this action. In these times, citizens are sophisticated enough to know that charges of discrimination are investigated by the federal government. To leave out the evidence would have the invited the jury to speculate as to what happened with the

4

agency investigation.[2]

**The Court Should Have Granted Zellpac Inc.'s Motion for Partial Summary Judgment**

Defendant Zellpac reiterates that the Court erred by not granting its motion for partial summary judgment. The denial of this motion by the Court is the law of the case.

**WHEREFORE**, Defendants' Motion to File Memorandum of Law instanter (Doc. 67) is **GRANTED** (as indicated in the July 20, 2006 Order), Plaintiff's Motion to Strike (Doc. 66) is **DENIED**; and Defendants' Motions For Judgment As A Matter of Law, Or, In The Alternative, Request A New Trial (Docs. 63 & 64) are **DENIED**.

**DATED: July 24, 2006**

          s/ *Donald G. Wilkerson*
          **DONALD G. WILKERSON**
          **United States Magistrate Judge**

---

[2] The Court notes that even though defendants now complain that the Court admitted this evidence they did not offer the Court a limiting jury instruction. Indeed, the defendants propounded no jury instructions in this case.